STATE OF CONNECTICUT *v.* STANLEY SCOTT
(AC 24258)

Schaller, Bishop and DiPentima, Js.

Argued April 21—officially released July 6, 2004

*James M. Kearns,* for the appellant (defendant).

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Mirella J. Giambalvo*, deputy assistant state's attorney, for the appellee (state).

*Carolyn W. Kone* filed a brief for Planned Parenthood of Connecticut, Inc., as amicus curiae.

*Opinion*

SCHALLER, J. The defendant, Stanley Scott, appeals from the judgment of conviction, rendered after a trial to the court, of disorderly conduct in violation of General Statutes § 53a-182 (a) (2). On appeal, the defendant claims that (1) there was insufficient evidence to convict him, (2) the statute is either unconstitutionally vague "as applied" to him or overbroad and (3) one of the conditions of his conditional discharge violates his rights under the first amendment to the federal constitution. We affirm the judgment of the trial court.

The evidence adduced at trial established the following facts. During the morning of December 28, 2002, the defendant was engaged in a protest outside of the New Haven Planned Parenthood of Connecticut, Inc. (Planned Parenthood), facility. At the time, Planned Parenthood occupied space on the second floor of an office building that also contained other businesses. His protest consisted of stopping cars and then chasing them into the parking lot of the building, using a bullhorn to shout at people entering Planned Parenthood and other businesses, and pressuring people to take literature from him despite their lack of interest. The defendant used the bullhorn to call people entering the office building "murderers" and "baby killers." The noise from the defendant's bullhorn could be heard within the center offices of the building.

The effects of the defendant's protest were several. When one of the cars that the defendant chased was

turning into the parking lot, his actions caused the car to almost hit him, greatly upsetting the driver. The staff and patients were upset by the defendant's behavior, and some of the patients began to cry. In addition, children attending a nearby dance studio were very disturbed by the defendant's actions. The defendant also caused a minor backup of cars onto the street.

The defendant was arrested, tried and convicted of violating § 53a-182 (a) (2). On May 7, 2003, the court sentenced the defendant to ninety days of imprisonment, execution suspended, with a conditional discharge of one year. One of the conditions of the discharge was that the defendant could not be within 100 yards of any Planned Parenthood facility. This appeal followed.

I

Before we address the defendant's claims, we must address the threshold issue of mootness. The defendant was sentenced on May 7, 2003, and the conditional discharge imposed by the court expired on May 7, 2004. The defendant has met the conditions and completed the sentence. We must, therefore, determine whether this appeal is moot.

Mootness involves the court's subject matter jurisdiction and is related to standing and justiciability. *State v. McElveen*, 261 Conn. 198, 204, 802 A.2d 74 (2002). Our Supreme Court has explained that to determine whether the case is justiciable, a four part test applies. Id. "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) Id. Even if the circumstances underly-

ing the case change to preclude actual relief, however, the Supreme Court has recognized that "a controversy continues to exist, affording the court jurisdiction, if the actual injury suffered by the litigant potentially gives rise to a *collateral injury* from which the court can grant relief." (Emphasis added.) Id., 205. "[F]or a litigant to invoke successfully the collateral consequences doctrine, the litigant must show that there is a reasonable possibility that prejudicial collateral consequences will occur. Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not." Id., 208.

The defendant's first claim, which is that there was insufficient evidence to support the conviction, is not moot. "It is well established that since collateral legal disabilities are imposed as a matter of law because of a criminal conviction, a case will not be declared moot even where the sentence has been fully served. . . . The collateral consequences of a conviction are legion: subsequent convictions might, as a result, carry heavier penalties and a wide range of civil rights might be affected, including a defendant's eligibility to hold public office." (Citations omitted.) *Barlow* v. *Lopes*, 201 Conn. 103, 112–13, 513 A.2d 132 (1986). The defendant's second claim, which is that the statute is unconstitutional, is also not moot because, if successful, it would invalidate his conviction. Despite the expiration of the defendant's sentence, we will review the defendant's first and second claims.

The defendant's third claim is moot. There is no practical relief that a decision on this issue could provide because the defendant is no longer subject to the condition at issue. The defendant conceded as much at oral argument. As a consequence, we will not review the defendant's third claim.

II

The defendant claims that there was insufficient evidence to convict him of disorderly conduct. We disagree.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the [decision]. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the [fact finder] if there is sufficient evidence to support the [decision]." (Internal quotation marks omitted.) *State* v. *Elsey*, 81 Conn. App. 738, 743–44, 841 A.2d 714, cert. denied, 269 Conn. 901, 852 A.2d 733 (2004); see also *State* v. *Moore*, 82 Conn. App. 267, 270, 843 A.2d 652 (applying standard to court trial), cert. denied, 269 Conn. 904, 852 A.2d 734 (2004).

General Statutes § 53a-182 (a) provides in relevant part: "A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person . . . (2) by offensive or disorderly conduct, annoys or interferes with another person . . . ." Our Supreme Court, in *State* v. *Indrisano*, 228 Conn. 795, 818–19, 640 A.2d 986 (1994), held that this portion of the statute was unconstitutionally vague on its face, but applied a judicial gloss to the statute to save it from unconstitutionality. The court defined the individual components of the statute separately. First, the court interpreted the language, "with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof," to mean that the defendant's "specifi[c] intent must be the *predominant* intent. Predominance can be

determined either (1) from the fact that no bona fide intent to exercise a constitutional right appears to have existed or (2) from the fact that the interest to be advanced by the particular exercise of a constitutional right is insignificant in comparison with the inconvenience, annoyance or alarm caused by the exercise." (Emphasis in original; internal quotation marks omitted.) Id., 807. Second, the court "advance[d] the following, modified, definition of 'offensive or disorderly conduct': conduct that is grossly offensive, under contemporary community standards, to a person who actually overhears it or sees it." Id., 818. Third, the court interpreted the "annoys or interferes" portion of the statute to mean "disturbs or impedes the lawful activity of another person." (Internal quotation marks omitted.) Id., 819. Section 53a-182 (a) (2) should, therefore, be read and applied as follows: a person is guilty of disorderly conduct when, with the predominant intent previously defined or with a reckless disregard for the risks of his or her conduct, the person, by conduct that is grossly offensive under contemporary community standards to a person who actually overhears it or sees it, disturbs or impedes the lawful activity of another person.

The evidence presented allowed the court to find that the defendant had the requisite intent to be guilty of disorderly conduct. In the course of the protest, the defendant chased one car as it entered the parking lot and, as the car began to turn, his actions and proximity to the car nearly caused the car to collide with him. That greatly upset the driver. Under the *Indrisano* requirement for intent, at the very least the second prong has been met, which is that " 'the interest to be advanced by the particular exercise of a constitutional right is insignificant in comparison with the inconvenience, annoyance or alarm caused by the exercise.' " *State* v. *Indrisano*, supra, 228 Conn. 807. At that

moment, the defendant's right to exercise his freedom of speech is not as significant as compared to nearly causing a car to collide with him and frightening the occupant. Although the defendant argues that it is illogical to punish him for causing a car to almost collide with him, we see no difficulty because the punishment is not solely because of the near damage to him, it is because of the effect it had on the driver. There was sufficient evidence on which the court could base a determination of guilt.

The defendant also argues that the court could not have found that he had the required intent because his "predominant motive was obviously to protest abortion and Planned Parenthood . . . ." The defendant confounds motive and intent. The state is not required to prove that the defendant had an evil motive; *State* v. *Pinnock*, 220 Conn. 765, 792, 601 A.2d 521 (1992); rather, the state had to show only that the defendant intended to impede the lawful activity of another, e.g., driving in a parking lot, by behavior that was grossly offensive by community standards, e.g., nearly causing a collision between the car and the defendant. The defendant's argument fails because it does not respect the legal distinctions between motive and intent.

The defendant further argues that the state failed to prove its case beyond a reasonable doubt because "no witness testified to being *grossly* offended by actually seeing and hearing the defendant's conduct, as required by the statute under *Indrisano*'s gloss." (Emphasis in original.) The defendant provides no support for his argument that the witnesses must use the word "grossly" as though it were essential to proving the state's case, nor do we read *Indrisano* to require that result. The law expects only that witnesses will testify as to their experiences and leaves undisturbed to the finder of fact the privilege to determine whether the legal standard was fulfilled.

## III

The defendant also asserts that § 53a-182 (a) (2) is either unconstitutionally vague "as applied" to the defendant or overbroad. The defendant has not briefed that claim separately, nor has he indicated that this was an issue on appeal, as he was required to do pursuant to Practice Book § 67-1. We decline to review the claim because the defendant has briefed it inadequately.

"[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Mattson* v. *Mattson,* 74 Conn. App. 242, 247, 811 A.2d 256 (2002). The defendant's briefing of his claim consists of the statement that if there was sufficient evidence to find him guilty, the statute was so vague as to have no meaning. Alternatively, the defendant asserts that the statute was overly broad, but he fails to provide analysis. In light of the construction of § 53a-182 (a) (2) in *State* v. *Indrisano,* supra, 228 Conn. 818–19, under which, through the imposition of a judicial gloss, it was determined that the statute is constitutional, and the defendant's inadequate briefing, we decline to review his claim.

The judgment is affirmed.

In this opinion the other judges concurred.