STATE OF CONNECTICUT *v.* ANNE M. BRADLEY
(AC 33370)

Gruendel, Robinson and Sheldon, Js.

Argued May 29—officially released August 21, 2012

*Anne M. Bradley*, pro se, the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor*, state's

attorney, and *Kevin S. Russo*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. In this matter, the defendant, Anne M. Bradley, was found guilty by a jury of breach of the peace in the second degree in violation of General Statutes § 53a-181 (6). The defendant thereafter moved for a judgment of acquittal, which the trial court granted on July 7, 2008. The state then filed a motion requesting permission to appeal, which the trial court granted. The state appealed and this court reversed the judgment of the trial court and remanded the case with direction to reinstate the jury's guilty verdict and to proceed to sentencing. See *State* v. *Bradley*, 124 Conn. App. 197, 4 A.3d 347, cert. denied, 295 Conn. 917, 990 A.2d 867 (2010). On March 21, 2011, the trial court sentenced the defendant to six months of incarceration, execution suspended, and two years of probation. This appeal followed.

On appeal, the defendant claims that her constitutional right against double jeopardy was violated when, on the state's appeal from the posttrial judgment of acquittal entered for her by the trial court, this court reversed the trial court's judgment and remanded the case with direction to reinstate the jury's verdict.[1] The defendant's claim is controlled by our Supreme Court's decision in *State* v. *Avcollie*, 178 Conn. 450, 453, 423

[1] The defendant also claims that the court erred in denying her motion to review her sentence and that it considered improper matters at her sentencing hearing. During the pendency of this appeal, the defendant successfully completed her sentence of probation. There is thus no practical relief that we can afford the defendant as to her sentence. Accordingly, the defendant's claims regarding her sentence are moot. See *State* v. *Boyle*, 287 Conn. 478, 486–87, 949 A.2d 460 (2008); see also *State* v. *Scott*, 83 Conn. App. 724, 726–27, 851 A.2d 353 (2004) (defendant's challenges to judgment of conviction were not moot due to his completion of sentence but his challenge to terms of conditional discharge was moot because court could not afford practical relief as to such claim).

A.2d 118 (1979), cert. denied, 444 U.S. 1015, 100 S. Ct. 667, 62 L. Ed. 2d 645 (1980), in which the court held: "[W]hen a case has been tried to a jury, the principle of double jeopardy does not prohibit an appeal by the prosecution providing that a retrial is not required in the event the prosecution is successful in its appeal. Thus, where a jury returns a verdict of guilty but the trial court thereafter renders a judgment of acquittal, an appeal is permitted and double jeopardy does not attach." Id., 453. Because this court directed the trial court to reinstate the jury's guilty verdict after it reversed the judgment of acquittal, and no new trial of her case was thereby necessitated, the court's order did not place the defendant twice in jeopardy for the same offense. Accordingly, the defendant's claim must fail.

The judgment is affirmed.