******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JUNIOR JUMPP
(AC 38452)

DiPentima, C. J., and Prescott and Lavery, Js.

*Argued January 4—officially released February 14, 2017*

(Appeal from Superior Court, judicial district of
Hartford, Dewey, J.)

*Robert T. Rimmer*, assigned counsel, for the appellant (defendant).

*Melissa Patterson*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Carl R. Ajello III*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Junior Jumpp, appeals from the denial of his motion for sentence modification made pursuant to General Statutes § 53a-39. The defendant has completed the sentence that was the subject of his motion. This court cannot grant the defendant any practical relief, and therefore his appeal is moot. *State* v. *Bradley*, 137 Conn. App. 585, 587 n.1, 49 A.3d 297, cert. denied, 307 Conn. 939, 56 A.3d 950 (2012); see also *State* v. *Boyle*, 287 Conn. 478, 485–86, 949 A.2d 460 (2008); *State* v. *Scott*, 83 Conn. App. 724, 726–27, 851 A.2d 353 (2004). We also summarily reject the defendant's claim that this case falls within the capable of repetition yet evading review exception to the mootness doctrine. See *Loisel* v. *Rowe*, 233 Conn. 370, 382–83, 660 A.2d 323 (1995).

The appeal is dismissed.

———————————————