******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.* STEPHEN NEARY
(AC 38017)

Keller, Prescott and Bear, Js.

*Syllabus*

The defendant, who previously had been convicted, on pleas of nolo conten-
dere, of the crimes of interfering with an officer, assault of public safety
personnel and carrying a dangerous weapon, and of violation of proba-
tion, appealed to this court from the judgment of the trial court denying
his motion to correct an illegal sentence, in which he raised claims
regarding the legality of his sentence. *Held* that the defendant having
completed his sentence, including the period of conditional discharge,
there was no practical relief that could be afforded to him with regard
to that sentence, and, therefore, his claims regarding the legality of that
sentence were moot; accordingly, the appeal was dismissed.

Argued September 12—officially released November 7, 2017

*Procedural History*

Information, in the first case, charging the defendant
with violation of probation, and information, in the sec-
ond case, charging the defendant with the crimes of
interfering with an officer, breach of the peace in the
second degree, assault of public safety personnel, and
carrying a dangerous weapon, brought to the Superior
Court in the judicial district of New Haven, geographical
area number seven, where the defendant was presented
to the court, *J. Fischer, J.*, on a plea of guilty to violation
of probation, and on a plea of nolo contendere to
interfering with an officer, assault on a police officer,
and carrying a dangerous weapon; thereafter, the court
rendered judgments in accordance with the defendant's
pleas; subsequently, the state entered a nolle prosequi
on the charge of breach of the peace in the second
degree; thereafter, the court denied the defendant's
motion to correct an illegal sentence, and the defendant
appealed to this court. *Appeal dismissed.*

*David B. Rozwaski*, special public defender, for the
appellant (defendant).

*Timothy F. Costello*, assistant state's attorney, with
whom, on the brief, were *Patrick J. Griffin*, state's
attorney, and *James Turcotte*, supervisory assistant
state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Stephen Neary, appeals from the judgment of the trial court denying his motion to correct an illegal sentence filed pursuant to Practice Book § 43-22. On February 7, 2013, pursuant to a plea agreement, the defendant pleaded nolo contendere to the charges of interfering with an officer in violation of General Statutes § 53a-167a, assault of public safety personnel in violation of General Statutes § 53a-167c, and carrying a dangerous weapon in violation of General Statutes § 53-206. The defendant also admitted to violating conditions of a previously imposed probation. See General Statutes § 53a-32.[1] On the same day, the court sentenced the defendant to a total effective sentence of seven years of incarceration, execution suspended after two and one-half years to serve, and two years of conditional discharge.

On March 4, 2014, the defendant filed the second of two motions to correct an illegal sentence in which he raised various claims regarding the legality of his sentence and the underlying conviction. The court denied the motion, and this appeal followed.

On August 30, 2017, we ordered the parties to "be prepared to address at oral argument (1) whether the sentence imposed on the defendant on February 7, 2013, has been completed; and (2) if so, whether this appeal from the trial court's denial of the defendant's motion to correct [an] illegal sentence has been rendered moot as a result." At oral argument, the defendant conceded that he had completed the sentence that was imposed by the court on February 7, 2013, including the period of conditional discharge.

In *State* v. *Bradley*, 137 Conn. App. 585, 587 n.1, 49 A.3d 297, cert. denied, 307 Conn. 939, 56 A.3d 950 (2012), this court held that an appeal from a motion to correct an illegal sentence is rendered moot if the defendant completes the sentence while the appeal is pending because this court cannot afford the defendant any practical relief as to that sentence. Accordingly, because the defendant has completed his sentence, his claims here regarding the legality of that sentence are moot.[2]

The appeal is dismissed.

[1] Although §§ 53a-167a, 53a-167c, 53-206, and 53a-32 have been amended by the legislature since the events underlying the present appeal, those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of those statutes.

[2] To the extent that the defendant here is also attempting to challenge not only the legality of the sentence, but the underlying conviction itself, such a claim is beyond the purview of a motion to correct an illegal sentence. See, e.g., *State* v. *Lawrence*, 281 Conn. 147, 158–59, 913 A.2d 428 (2007).