******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## STATE OF CONNECTICUT *v.* BARRY PRINGLE
## (AC 46414)

Bright, C. J., and Westbrook and Eveleigh, Js.

*Syllabus*

The defendant, who had been convicted, following pleas of guilty, of various crimes, appealed from the judgment of the trial court denying his motion to correct an illegal sentence. *Held*:

This court dismissed the defendant's appeal as moot, as he had successfully completed his sentence and, thus, there was no practical relief this court could afford him.

Argued September 12—officially released November 26, 2024

*Procedural History*

Information, in the first case, charging the defendant with two counts of the crime of possession of narcotics with intent to sell and one count each of the crimes of promoting prostitution in the second degree and interference with a search, and substitute information, in the second case, charging the defendant with the crime of sale of narcotics and, in a part B information, with being a persistent serious felony offender, and information, in the third case, charging the defendant with the crimes of attempt to commit murder, assault in the first degree, criminal use of a weapon, criminal possession of a firearm, illegal discharge of a firearm and reckless endangerment in the first degree, and information, in the fourth case, charging the defendant with the crimes of tampering with a witness and bribery of a witness and, in a part B information, with being a persistent serious felony offender, brought to the Superior Court in the judicial district of Waterbury, geographical area number four, where the defendant was presented to the court, *Fasano, J.*, on pleas of guilty to the charges of assault in the first degree, promoting

prostitution in the second degree, possession of narcotics with the intent to sell, sale of narcotics and tampering with a witness; judgments of guilty in accordance with the pleas; thereafter, the state entered nolle prosequis as to the remaining charges and withdrew the part B informations; subsequently, the court, *Hon. Roland D. Fasano*, judge trial referee, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Appeal dismissed.*

*Barry Pringle*, self-represented, the appellant (defendant).

*Brett R. Aiello*, assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *John Davenport*, former senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Barry Pringle, appeals from the judgment of the trial court denying his motion to correct an illegal sentence filed pursuant to Practice Book § 43-22. On appeal, he makes several arguments supporting his claim that the court improperly denied his motion to correct an illegal sentence. We dismiss the appeal as moot.

On February 5, 2016, the defendant pleaded guilty in four separate dockets, which were consolidated, to assault in the first degree in violation of General Statutes § 53a-59 (a) (1), promoting prostitution in the second degree in violation of General Statutes § 53a-87, possession of narcotics with intent to sell in violation of General Statutes (Rev. to 2013) § 21a-277 (a), and sale of narcotics in violation of General Statutes (Rev. to 2013) § 21a-278 (b). Additionally, he pleaded guilty under the *Alford* doctrine[1] to tampering with a witness

---

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt, but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron

in violation of General Statutes § 53a-151. On the same day, the court, *Fasano*, *J.*, canvassed the defendant and sentenced him pursuant to a plea agreement to a total effective sentence of ten years of incarceration followed by ten years of special parole. On January 21, 2021, the defendant filed the operative motion to correct an illegal sentence in which he raised various claims. On April 8, 2021, the court denied the motion. This appeal followed.[2]

Thereafter, at a hearing on April 6, 2023, a prosecutor informed the court, *Schwartz*, *J.*, that an agreement had been made between the state and the defendant to modify the defendant's sentence to eliminate the ten year period of special parole. The court then found that good cause existed to modify the defendant's sentence to ten years of incarceration and to eliminate from his sentence the ten years of special parole.[3] On April 5, 2024, the defendant was discharged fully from the sentence imposed on February 5, 2016.

in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Emphasis omitted; internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 204–205, 842 A.2d 567 (2004).

[2] The defendant is self-represented on appeal, and we note that, although it is the established policy of the Connecticut courts to be solicitous of self-represented litigants and to allow self-represented litigants some latitude, we cannot overlook the rules of substantive law. See, e.g., *Traylor* v. *State*, 332 Conn. 789, 806, 213 A.3d 467 (2019).

[3] The state filed a motion to suspend the rules to permit the late filing of the April 6, 2023 transcript, which this court granted. The April 6, 2023 transcript reveals that the sentence modification only pertained to the defendant's sentence for his conviction of assault in the first degree, for which the defendant was sentenced on February 5, 2016, to ten years of incarceration followed by ten years of special parole. The sentencing court also sentenced him to five years of incarceration for promoting prostitution, five years of incarceration for possession of narcotics with intent to sell, five years of incarceration for tampering with a witness, and five years of incarceration for the sale of narcotics, all of which were to run concurrently for a total effective sentence of ten years of incarceration followed by ten years of special parole.

After oral argument before this court, we ordered the parties, sua sponte, to file additional supplemental memoranda addressing: "(1) Whether the defendant is serving any portion of the sentence imposed on February 5, 2016; and (2) [i]f not, whether the defendant's appeal from the trial court's denial of his motion to correct an illegal sentence must be dismissed as moot because this court cannot afford him practical relief. See *State* v. *Neary*, 177 Conn. App. 871 [173 A.3d 982] (2017), cert. denied, 328 Conn. 901 [177 A.3d 564] (2018)."

"[B]ecause mootness implicates this court's subject matter jurisdiction, it may be raised at any time, including by this court sua sponte, and is a threshold matter that must be resolved first. . . . This is so because [i]t is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary." (Citations omitted; internal quotation marks omitted.) *American Tax Funding, LLC* v. *Design Land Developers of Newtown, Inc.*, 200 Conn. App. 837, 844, 240 A.3d 678 (2020). "In determining mootness, the dispositive question is whether a successful appeal would benefit the . . . defendant in any way." (Internal quotation marks omitted.) *State* v. *Marsala*, 204 Conn. App. 571, 576, 254 A.3d 358, cert. denied, 336 Conn. 951, 251 A.3d 617 (2021).

"[A]n appeal from a motion to correct an illegal sentence is rendered moot if the defendant completes the sentence while the appeal is pending because this court cannot afford the defendant any practical relief as to that sentence." *State* v. *Neary*, supra, 177 Conn. App.

873–74; see also *State* v. *Bradley*, 137 Conn. App. 585, 587 n.1, 49 A.3d 297, cert. denied, 307 Conn. 939, 56 A.3d 950 (2012).

In the present case, it is undisputed that the defendant has completed his sentence.[4] The defendant's sentence was modified to eliminate the ten year period of special parole and, on April 5, 2024, he was discharged fully from his sentence. Because the defendant successfully completed his sentence, there is no practical relief that we can afford the defendant as to the sentence imposed on February 5, 2016. See S*tate* v. *Neary*, supra, 177 Conn. App. 873–74. Accordingly, his claim and supporting arguments regarding the legality of his sentence are moot.[5]

The appeal is dismissed.

––––––––––––––––––

[4] The defendant did not file a supplemental memorandum concerning mootness. He, however, stated at oral argument before this court that he was not incarcerated and that he was not on special parole because the special parole portion of his sentence had been eliminated. The state stated in its supplemental memorandum that the defendant's sentence was modified to eliminate the period of special parole and that he has been discharged fully from his remaining sentence.

[5] To the extent that the defendant challenges not only the legality of the sentence, but also his underlying convictions, such a claim is beyond the purview of a motion to correct an illegal sentence. See S*tate* v. *Neary*, supra, 177 Conn. App. 874 n.2.